United States District Court
Southern District of Texas
**ENTERED**
June 10, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>    Plaintiff/Respondent, §<br>§<br>v. §<br>§<br>MOHAMED EBRAHIM SALIM MOTON, §<br>    Defendant/Movant. § | <br><br><br>CRIMINAL NO. 6:17-92-2<br>CIVIL NO. 6-21-27<br> |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant/Movant Mohamed Ebrahim Salim Moton's motion for discovery, an evidentiary hearing, and appointment of counsel, which he filed in conjunction with his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 142.

**I. MOTION FOR DISCOVERY**

Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 RULES"), "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." 2255 RULE 6(a). "A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." 2255 RULE 6(b); *see also Smith v. United States*, 2014 WL 12607020, at *1 (W.D. Tex. Mar. 14, 2014) ("The petitioner must also identify the documents or records he is seeking discovery, and an explanation as to the necessity of those records to support each allegation in his § 2255 motion."). Here, Movant has made a general request for discovery without explaining what documents are needed or how each

1

request relates to the claims raised in his § 2255 motion. His blanket motion for discovery is therefore denied.

## II. MOTION FOR AN EVIDENTIARY HEARING

"If the [§ 2255] motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted under [2255] Rule 7 to determine whether an evidentiary hearing is warranted." 2255 RULE 8(a). "If a district court cannot resolve the allegations without examining evidence beyond the record, it must hold a hearing. If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further." *Messer v. Collins*, 997 F.2d 880, 1993 WL 261028, *4 (5th Cir. 1993) (citing *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990)). Here, Movant has failed to explain why an evidentiary hearing is necessary. Moreover, until the Government has had an opportunity to respond to the § 2255 motion, Movant's request for an evidentiary hearing is premature. *See Smith*, 2014 WL 12607020, at *1. His motion for an evidentiary hearing is therefore denied.

## III. MOTION FOR COUNSEL

"If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. §3006A." 2255 Rule 8(c). The Court may also appoint counsel "[i]f necessary for effective discovery." 2255 Rule 6(a). As set forth *supra*, Movant has failed to demonstrate that discovery or an evidentiary hearing is warranted at this time. He is therefore not entitled to appointment of counsel under 2255 Rules 6(a) or 8(c). There is also no constitutional right to appointed counsel for § 2255 motions. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993). The right to appointed counsel extends through a criminal defendant's direct appeal and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987) ("We have never held that prisoners have a constitutional right to counsel

when mounting collateral attacks upon their convictions . . . and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Movant's motion for appointment of counsel is therefore denied.

## IV. CONCLUSION

For the reasons stated above, Movant's motion for discovery, an evidentiary hearing, and appointment of counsel (D.E. 142) is **DENIED**.

It is so **ORDERED** this 9th day of June, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE