United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CRIMINAL NO. 6:17-92-2** |
| | § | |
| **MOHAMED EBRAHIM SALIM MOTON,** | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION & ORDER**</u>

Pending before the Court is Defendant Mohamed Ebrahim Salim Moton's Petition for a Writ of Coram Nobis, wherein he moves the Court to vacate his sentence as excessive when compared with his codefendants. D.E. 160. He further complains that his appellate counsel was ineffective for failing to raise the sentencing disparity issue on appeal.

Although his motion is styled as a Petition for a Writ of Coram Nobis, the relief Defendant seeks is available, if at all, in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant previously filed a motion under § 2255 complaining of sentencing disparity, which the Court denied. *See* D.E. 154, 155. Because Defendant's present § 2255 motion was filed after a previous § 2255 motion, his current motion is second or successive. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the Defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

1

28 U.S.C. § 2255(h).

Where a claim is second or successive, a defendant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Defendant's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file a second § 2255 motion, and this Court is without authority to grant such permission.

### Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Defendant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims that the district court rejects solely on procedural grounds, the Defendant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

2

The Court finds that Defendant cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

### Conclusion

For the foregoing reasons, Defendant's Petition for a Writ of Coram Nobis (D.E. 160) is **DENIED,** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 5th day of September, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE